| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **DEFENDANT'S SENTENCING MEMORANDUM & MOTION FOR DOWNWARD VARIANCE** |
| LAKISHA V. MCDOUGALD | |

COMES NOW the defendant, Lakisha V. McDougald, by and through her undersigned counsel, and respectfully submits this Sentencing Memorandum and Motion for Downward Variance for consideration by the Court at sentencing.

## THE OFFENSE, PLEA AND PROCEDURAL STATUS

On May 11, 2021, the defendant waived indictment and pled guilty, pursuant to a plea agreement, to an Information that charged the defendant with theft of government property in violation of 18 U.S.C. § 641. The defendant agreed to pay $233,913.00 in restitution to the United States Department of Agriculture. The Government and defendant agreed that an upward adjustment for loss between $150,000.00 and $250,000.00 is warranted; there were ten or more victims; the offense involved the unauthorized transfer or use of any means of identification; and an enhancement for abusing a position of trust.

The defendant's adjusted offense level is 22 and she is eligible for a three-level reduction based upon her acceptance of responsibility for a total offense level of 19. Based upon a total offense level of 19 and a criminal history category of I, the Guideline imprisonment range is thirty (30) to thirty-seven (37) months.

1

## HISTORY AND CHARACTERISTICS OF THE DEFENDANT

The defendant was born in Sanford, North Carolina, on August 9, 1989 to the non-marital union of Ronnie McDougald and Tonya McKoy. As a child, the defendant had serious health issues and was diagnosed with Scoliosis and underwent two surgeries to correct that issue. Two rods were implanted in her back during these surgeries and they remain in her body to this day. At present, the defendant is evaluated approximately once a year in order to ensure that the rods are keeping her spine in proper alignment.

The defendant graduated from Pine Forest High School in the spring of 2007. Thereafter, she earned a Bachelor of Science degree in Recreational Therapy from North Carolina Central University in May of 2012.

The defendant married Kevin Hill on February 10, 2012. Mr. Hill was a member of the United States Army. Prior to her marriage, Ms. McDougald was working two jobs at the (1) Old Navy Store in Durham, North Carolina and (2) she was an aid at Duke University Hospital. Lakisha began working as a temporary employee at the Cumberland County Department of Social Services office in January of 2012 and was later employed with the Harnett County Department of Social Services in October of 2014.

Unfortunately, the defendant's marriage to Kevin Hill was short-lived. She and her husband separated from one another in December of 2012 because the defendant learned that her husband was engaged in an extra-marital relationship and that his paramour was pregnant with child. Later on, Ms. McDougald learned that her husband was actually engaged in two extra-marital relationships and he fathered two children out of wedlock. Ultimately, the parties were divorced.

On October 3, 2013, an order was entered in case number 13 CvD 659 (Durham County) wherein Kevin Hill was ordered to pay alimony to the defendant. However, because of the birth of Mr. Hill's two children, he was unable to pay child support and alimony and the alimony payments ceased.

The investigation that gave rise to the instant case began in 2016 when a DSS supervisor received a returned notice of correspondence mailed to a victim. Government records indicated that this person was still receiving DSS benefits. As a result of this investigation, the Government determined that the defendant devised a scheme to steal government funds. The Information filed in this cause charges the Ms. McDougald orchestrated the theft of government funds from May of 2014 through June 1, 2019.

When the defendant's divorce was finalized and the alimony payments terminated, Lakisha McDougald was left with nothing and began to rebuild her life. However, two tragedies occurred that financially devastated Ms. McDougald.

In 2015, the defendant's maternal grandmother, Luberta Roberson, was diagnosed with kidney cancer. Ms. Roberson went through months of chemotherapy, radiation, and several surgeries. Ms. Roberson was the mother of three children, all whom reside outside of the State of North Carolina. Lakisha McDougald was the only responsible adult available to transport her grandmother to her medical appointments and therapy. In 2016, it became impossible for Ms. Roberson to live alone. Therefore, Ms. Roberson moved in with the defendant and Lakisha became her grandmother's caretaker. Lakisha McDougald took her grandmother to countless medical appointments in Chapel Hill and also transported her to the hospital on several occasions in Chapel Hill when Ms. Roberson was hospitalized.

The defendant was unable to support both herself and her grandmother and provide for the necessities of life for her grandmother's daily needs as well as her own. In March of 2019, Luberta Roberson died.

In early 2015, Lakisha's father was having balance issues. Lakisha took her father to several different physicians who told informed Lakisha and her father that it was their medical judgment that Mr. McDougald was just suffering from a pinched nerve. However, her father's health rapidly deteriorated. Finally, Ronnie McDougald was diagnosed with ALS (Amyotrophic Lateral Sclerosis – Lou Gerig's Disease).

Ronnie McDougald's health went dramatically downhill and he went from a man who was able to walk to a man who had to utilize a walker, then a wheelchair, and finally he was bed bound and paralyzed. Lakisha's father also lost his ability to talk. During this same time Lakisha was also caring for her grandmother and transporting her father to Duke Medical Center for his medical appointments.

Mr. McDougald's wife quit her job so she could assist in the care of Ronnie McDougald. Mrs. McDougald has two children who reside in Sanford, North Carolina. Every day after work, Lakisha would drive from Lillington to Sanford to see that her step-siblings were being fed and assist them with their homework. Lakisha was instrumental in the care of her step-siblings during the entire period her father was ill.

Eventually, Lakisha and her family were able to move Ronnie McDougald closer to home in a long-term health care facility in Fayetteville. Tragically, the move to the health care facility only lasted a few weeks because Mr. McDougald suffered a massive heart attack. Ronnie McDougald was then transferred back to Duke Hospital where he was placed on life support. On

January 10, 2017, Mr. McDougald died. As noted above, the defendant's grandmother died a short time later in March of 2017.

Because of Ronnie McDougald's serious health issues, the defendant's stepmother resigned from her job. Lakisha assisted her father in his attempt to qualify for disability and she found that it was a daunting task. Sadly, Mr. McDougald only qualified for disability shortly before his death. Lakisha, her stepmother and the family exhausted their savings while tending to Ronnie McDougald.

When Lakisha was first arrested in 2019, she was terminated from her employment as a social worker. She is now employed by Belflex Temporary Agency and works at Morty Pride Meat Plant in Fayetteville, North Carolina. Lakisha's sister moved in with her to assist Lakisha with her rent and other bills. The defendant's aunt is making Lakisha's car payments.

In addition to the defendant's BA degree from North Carolina Central University, the defendant obtained a Master's degree from Walden University in February of 2018. She is now working towards a doctorate degree in Behavior and Social Science from Walden University. Lakisha is a member of Simon Temple AME Zion Church in Fayetteville, North Carolina and attends church regularly. Every Saturday, she volunteers her time by delivering meals to the elderly and she also transports `disabled people to their medical appointments.

## MOTION FOR DOWNWARD VARIANCE SENTENCE

In U.S. v. Booker, 125 S.Ct. 738 (2005), the Supreme Court held that the sentencing guidelines were only advisory. The other factors set forth in 18 U.S.C. § 3553(a) must also be considered in fashioning the appropriate sentence. See Booker, 125 S.Ct. 790. Congress has directed that a district court "shall impose a sentence **sufficient, but not greater than**

5

**necessary**, to comply with [the purposes of sentencing]. 18 U.S.C. § 3553(a) (emphasis supplied).

It is respectfully requested that this Court impose a sentence that is sufficient but not greater than necessary to ensure that it reflects the seriousness of the offense while also promoting respect for the law, providing just punishment for the offense, affording adequate deterrence to criminal conduct and protecting the public from further crimes of the defendant while avoiding disparate sentences for similar situated individuals. For the reasons set forth below, counsel requests that, pursuant to 18 U.S.C. § 3553(a), the Court grant a downward variance sentence.

## WHO IS LAKISHA MCDOUGALD?

Daisha Watson, Lakisha's sister, tells us:

My name is Daisha Watson, Lakisha is my sister, and we live together. From day one my sister has been my biggest support and role model. From seeing her leadership in Highschool, the role she played in her community and church, graduating college, being independent, I just always felt like I couldn't accept anything less of myself. I'm proud of the person I became and I give a lot of thanks to her.

Lakisha does community service on Saturday morning for her church. She typically leaves to go feed the homeless around 6am. That is just her always thinking about others before herself.

Melissa Hupe, a volunteer at Simon Temple AME Zion Church, explains:

Lakisha McDougald is a joy to behold, whether she is mentoring, organizing an event for our church, feeding the homeless, supporting a person with multiple disabilities, or calming down a distraught person by helping them to see the light at the end of the tunnel. She is very patient and filled with the kind of "hope" that is contagious and her smile lights up the entire room. That is, she offers a system of comfort and support to everyone that encounters her. Lakisha McDougald is the epitome of the "Golden Rule – do onto others as you would have them to do until you" it is clear that she treats each individual with respect in the same manner that she would want to be treated.

As noted in the Pre-Sentence Report, on June 5, 2019, the defendant was charged with numerous felony grade crimes in Harnett County, North Carolina. Her cases are now pending in the Superior Court of Harnett County. The state charges arise of the same criminal conduct that is the subject of the instant prosecution. The defendant posted bond in the state cases on June 7, 2019 and her family retained private counsel to represent her in Harnett County. It is anticipated that those charges will be dismissed in lieu of federal prosecution in this case.

When the defendant received her target letter from the United States Attorney's office regarding the instant prosecution, with the help of her mother, she retained the undersigned counsel to represent her. Ms. McDougald is in full compliance with the conditions of her pre-trial release and has cooperated fully with the Government and, following her guilty plea on May 11, 2021, she met with federal agents and was debriefed.

Lakisha McDouglad respectfully submits that she is an appropriate candidate for a downward variance sentence in this case. The facts and circumstances of the defendant's offense indicate that there was no evidence of threat or violence and the defendant has no prior criminal history. Lakisha McDougald is not dangerous, not a threat to the public and it is submitted that there is no likelihood for recidivism. Since her arrest, Ms. McDougald has suffered from severe depression and entertained suicidal ideations.

Ms. McDougald's conduct was certainly criminal and she knows that she violated the law and will be punished. However, the Court should be mindful that part of the reason for Ms. McDougald's conduct was not motivated by personal gain but a need to assist both her grandmother and father in their time of declining health and impending death. As the Pre-Sentence report reflects, for all intents and purposes, the defendant is broke. Although Lakisha

7

Case 5:20-cr-00524-BR   Document 18   Filed 08/05/21   Page 7 of 10

As noted in the Pre-Sentence Report, on June 5, 2019, the defendant was charged with numerous felony grade crimes in Harnett County, North Carolina. Her cases are now pending in the Superior Court of Harnett County. The state charges arise of the same criminal conduct that is the subject of the instant prosecution. The defendant posted bond in the state cases on June 7, 2019 and her family retained private counsel to represent her in Harnett County. It is anticipated that those charges will be dismissed in lieu of federal prosecution in this case.

When the defendant received her target letter from the United States Attorney's office regarding the instant prosecution, with the help of her mother, she retained the undersigned counsel to represent her. Ms. McDougald is in full compliance with the conditions of her pre-trial release and has cooperated fully with the Government and, following her guilty plea on May 11, 2021, she met with federal agents and was debriefed.

Lakisha McDouglad respectfully submits that she is an appropriate candidate for a downward variance sentence in this case. The facts and circumstances of the defendant's offense indicate that there was no evidence of threat or violence and the defendant has no prior criminal history. Lakisha McDougald is not dangerous, not a threat to the public and it is submitted that there is no likelihood for recidivism. Since her arrest, Ms. McDougald has suffered from severe depression and entertained suicidal ideations.

Ms. McDougald's conduct was certainly criminal and she knows that she violated the law and will be punished. However, the Court should be mindful that part of the reason for Ms. McDougald's conduct was not motivated by personal gain but a need to assist both her grandmother and father in their time of declining health and impending death. As the Pre-Sentence report reflects, for all intents and purposes, the defendant is broke. Although Lakisha

continues to be gainfully employed, she must also rely on the charity of her family in order for her to pay her monthly obligations.

Lakisha McDougald respectfully requests that the Court, in consideration of the factors set out in 18 U.S.C. § 3553(a), impose a sentence below the advisory guideline range.

First, Ms. McDougald respectfully submits that her background and characteristics support a downward variance in this case. Ms. McDougald has taken advantage of advanced educational opportunities in an attempt to better her life. She cared for her elderly grandmother and father and took care of them during their last days. Her life in the manner which she conducted herself prior to and even during the offense at issue supports a mitigated sentence.

Second, Ms. McDougald submits that her conduct in the period after this offense supports a downward variance. According to the Information filed in this cause, the offense conduct concluded on June 1, 2019. Since that date, Ms. McDougald cooperated with the Government and remained gainfully employed. Ms. McDougald's good behavior during the last two years demonstrates a low need for individual deterrence and rehabilitation under 18 U.S.C. § 3553(a) and supports a mitigated sentence.

Third, the defendant's educational background and other personal characteristics support a mitigated sentence. The United States Sentencing Commission, *Recidivism Among Federal Offenders: A Comprehensive Overview*, (March 2016), indicates that "those with stable employment in the year prior to their instant offense" are 12.8% likely to recidivate than those that are unemployed. Moreover, educational levels are also associated with different rates of recidivism. College graduates had the lowest rates of recidivism (19.1%). It is submitted that these statistics also support a mitigated sentence.

8

Case 5:20-cr-00524-BR Document 18 Filed 08/05/21 Page 8 of 10

Attached to this Memorandum are character letters that speak to Lakisha McDougald's outstanding character as a sister, citizen and care giver. Also attached are copies of her diplomas from North Carolina Central University and Walden University. The defendant submits that all of the factors set forth above support a sentence below the advisory guideline range.

## CONCLUSION

For the reasons set out herein, Lakisha McDougald respectfully requests that the Court grant a downward departure and/or variance at sentencing and sentence her along the advisory guideline range after consideration of the factors set forth in 18 U.S.C. § 3553(a).

This the 5th day of August, 2021.

        GAMMON, HOWARD &
         ZESZOTARSKI, PLLC

By:   /s/ Joseph E. Zeszotarski, Jr.
        Attorney for Defendant
        N.C. State Bar No. 21310
        P.O. Box 1127
        Raleigh, NC 27602
        (919) 521-5878
        jzeszotarski@ghz-law.com

LAW OFFICE OF
JOHN ("JACK") P. O'HALE

BY:   /s/ John P. O'Hale
        Attorney for Defendant
        N.C. State Bar No. 6794
        P.O. Box 2383
        Smithfield, NC 27577
        (919) 934-6021
        kim@jackohale.com

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Adam Hulbig
Assistant United States Attorney

This the 5th day of August, 2021.

LAW OFFICE OF
JOHN ("JACK") P. O'HALE

BY: /s/ John P. O'Hale
Attorney for Defendant